**UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID HILL, | ) |
| | ) |
| Plaintiff | ) Case No.: 3:21-cv-49 |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| PENN CREDIT CORPORATION, | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |
| | ) |

## COMPLAINT

GREGORY HOLT ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PENN CREDIT CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

5. Plaintiff is a natural person residing in Johnstown, Pennsylvania 15905.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 916 South 14th Street, Harrisburg, Pennsylvania 17104.

8. Defendant is a "debt collector" as that term is defined by U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Upon information and belief, Defendant was hired to collect a

consumer debt that was primarily for personal, family, or household purposes.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. Defendant placed repeated calls to Plaintiff's cellular telephone attempting to collect a debt owed by a third party.

13. Defendant did not have consent to call Plaintiff's telephone number.

14. Plaintiff told Defendant to stop calling soon after the calls began.

15. However, Defendant ignored this request and continued to call Plaintiff's telephone number.

16. Once Defendant was aware it was calling the wrong number the only purpose in placing continued calls to Plaintiff's cellular telephone number would be to harass him.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE FDCPA**

17. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

3
PLAINTIFF'S COMPLAINT

18. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff for a third party and when it continued calling Plaintiff's cellular telephone after he explicitly told Defendant to stop.

## COUNT II
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

19. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff for a third party and when it continued calling Plaintiff's cellular telephone after he explicitly told Defendant to stop.

## COUNT III
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

21. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

22. Defendant violated § 1692f when it continued to call Plaintiff after he told them to stop, and generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, DAVID HILL, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GREGORY HOLT, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| Date: March 24, 2021 | By: */s/ Amy L. B. Ginsburg* |
| | AMY L. B. GINSBURG |
| | Attorney ID No. 202745 |
| | Kimmel & Silverman, P.C. |
| | 30 E. Butler Pike |
| | Ambler, PA 19002 |
| | Phone: (215) 540-8888 |
| | Fax: (877) 788-2864 |
| | Email: teamkimmel@creditlaw.com |